UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JOHN MORALEZ,                         )
                                      )
       Plaintiff,              )    Case No. 1:17-cv-886
                                      )
v.                                    )    Honorable Paul L. Maloney
                                      )
MICHIGAN EMPLOYMENT                   )
RELATIONS COMMISSION,                 )
                                      )
       Defendant.              )
_____)

### REPORT AND RECOMMENDATION

This is a civil action brought *pro se* by plaintiff under 42 U.S.C. § 1983. On October 4, 2017, plaintiff filed this lawsuit.[1] He named the Michigan Employment Relations Commission (MERC) as the defendant. Plaintiff alleges that for six years MERC has "refuse[d] to resolve the entirely moot administrative matter presently before [it]" by its failure to provide plaintiff with a "Final Written Order granting and

---

[1] Plaintiff's complaint is labeled as his "MOTION TO COMPEL THE DEFENDANT TO ISSUE AND RELEASE THE DEFENDANT'S FINAL WRITTEN ADMINISTRATIVE ORDER TO THE PLAINTIFF." (ECF No. 1, PageID.2). Plaintiff's initial filing is his complaint and the aforementioned label is disregarded. "There is one form of action—the civil action." FED. R. CIV. P. 2. "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3; *see also Clark v. Commissioner*, No. 1:11-cv-1255, 2012 WL 1830218, at *3 (W.D. Mich. May 18, 2012) ("The commencement construct created by the Civil Rules is complete and self-contained, and leaves no room for improvisation.") (quoting *McIntosh v. Antonio*, 71 F.3d 29, 36-37 (1st Cir. 1995)). Further, a complaint is a pleading and a motion is not. *See* FED. R. CIV. P. 7(a), (b)(1). Absent a complaint, the Court cannot entertain the plaintiff's requests for relief. *See, e.g., Williams v. Michigan Dep't of Corr.*, No. 2:16-cv-14280, 2017 WL 345683, at *1 (E.D. Mich. Jan. 24, 2017); *Gardner v. McQueen*, No. 2:16-cv-13790, 2017 WL 131553, at *2 (E.D. Mich. Jan. 13, 2017).

finally resolving" his three "pending unopposed/entirely moot administrative motions[.]" (Compl. at 2, ECF No. 1, PageID.2). Plaintiff claims that defendant violated the Administrative Procedures Act, 42 U.S.C. § 1983, the Fourteenth Amendment's Due Process Clause, and Title VI. He seeks an injunction and "*status quo ante* remedial relief going back to July 2, 2003[.]"[2] (Compl. at 10, ECF no. 1, PageID.10).

The matter is before the Court on defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 13), and plaintiff's motion for summary judgment (ECF No. 16). For the reasons stated herein, I recommend that defendant's motion be granted and that all plaintiff's claims be dismissed. I recommend that plaintiff's motion for summary judgment be denied.

**I.    Defendant's Motion to Dismiss**

   A. Applicable Standards

A challenge to subject matter jurisdiction under Rule 12(b)(1) may be a facial attack, challenging the sufficiency of the complaint's allegations, or a factual attack, challenging the fact of subject matter jurisdiction. In considering a facial attack, a court must accept as true the factual allegations in the complaint. *See Rote v. Zei Custom Mfg., Inc.*, 816 F.3d 383, 388 (6th Cir. 2016). A "factual attack," however, "challenges the factual existence of subject matter jurisdiction." *Cartwright v. Carter*,

---

[2] Plaintiff's Brief (ECF No. 16 at PageID.243) makes clear that he is seeking damages.

751 F.3d 752, 759 (6th Cir. 2014). "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* Defendant is making a factual attack and no presumptive truthfulness applies to the factual allegations, and the Court may weigh the evidence concerning jurisdiction and consider evidence outside the pleadings to resolve factual disputes about jurisdiction. *See Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). "As always, the party invoking federal jurisdiction has the burden to prove that jurisdiction."[3] *Global Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015).

In considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff; accepts as true the plaintiff's factual allegations; and determines whether the complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual conduct that allows

---

[3] The Court must consider defendant's Rule "12(b)(1) motion first, since the Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). This procedural order is significant because, if a district court lacks jurisdiction, it need not assess the validity of a claim, since this determination is an exercise of jurisdiction in itself. *See Bell v. Hood*, 327 U.S. 678, 682 (1946).

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint ... has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see Estate of Berry v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 924 (6th Cir. 2013).

Complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* plaintiff must "plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

B. <u>Defendant's Rule 12(b)(1) Motion to Dismiss</u>

Defendant seeks dismissal of all of plaintiff's claims for lack of subject-matter jurisdiction[4] based on the *Rooker-Feldman* doctrine. (Def. Brief at 4-6, ECF No. 13-

---

[4] Federal courts are courts of limited jurisdiction, which may exercise only those powers authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)*; see Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (citations omitted).

1, PageID.166-68).  Upon review, I find that all of plaintiff's claims are barred, and I recommend that they be dismissed.

The *Rooker-Feldman* doctrine, which is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a),[5] precludes review by lower federal courts of state-court judgments.  *See Kovacic v. Cuyahoga County Dep't of Children & Family Services*, 606 F.3d 301, 309 (6th Cir. 2010).

Plaintiff's complaint is not a model of clarity.  He mentions three "pending unopposed/entirely moot administrative motions" and then cites two attached exhibits.  (Compl. at 2, ECF No. 1, PageID.2).  Plaintiff's exhibits contain various documents, but not the underlying administrative motions.  It appears, however, that plaintiff claims that the motions were filed in "MERC Consolidated Case Nos. C08 J-244 and CU08 J-054" and "Merc Pending Filed Administrative Motions – March 21, 2011, March 22, 2011 and July 9, 2012."  (ECF No. 1-2, PageID.58).  Giving plaintiff the benefit of the doubt, the Court will assume as much.

On December 30, 2008, in the consolidated cases, an administrative law judge (ALJ) issued his Decision and Recommended order on Summary Disposition finding that the unfair labor practice charges filed by plaintiff were time barred and failed to state cognizable claims.  Plaintiff was ordered to show cause why the charges should not be dismissed.  (ECF No. 13-2, PageID.176-82).

---

[5] *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Among other things, the ALJ noted that, on December 16, 2008, the Michigan Court of Appeals issued a decision affirming MERC's "earlier decision in Case No. CU05 J-044, dismissing [Mr.] Moralez' original claims against the Union and denying [Mr.] Moralez' motion to reopen the record and amend his charges." (ECF No. 13-2, PageID.180). The Michigan Court of Appeals found that plaintiff worked at a television station operated by Michigan State University (MSU) and that, "[d]ue to a number of budgetary cuts," plaintiff was laid off in July 2003. (ECF No. 13-4, PageID.199-200). The Court of Appeals found no breach of the collective bargaining agreement by the employer. Because plaintiff failed to establish a breach by MSU, it was not necessary for the Court of Appeals to consider his argument that the union breached its duty. (*Id.* at PageID.200). The Court of Appeals held that MERC did not abuse its discretion in refusing to reopen the record, denying proposed amendments, and refusing to strike the union's pleadings. (*Id.* at PageID.200-01).

On April 14, 2009, the Michigan Court of Appeals issued a decision affirming MERC's dismissal of other charges filed by plaintiff because they were barred by the statute of limitations and failed to state a claim under the Public Employment Relations Act (PERA). (ECF No. 13-5, PageID.202-05).

On July 16, 2010, MERC entered its Decision and Order in Consolidated Case Nos. C08 J-244 and CU08 J-054. It adopted the ALJ's recommended disposition and it dismissed all plaintiff's charges because they were time barred and failed to state cognizable claims. (ECF No. 13-2, PageID.173-75). It was noted in the Decision and

-6-

Order that plaintiff had filed several charges since losing his job in the summer of 2003 and that those charges had been dismissed on summary disposition. The charges at issue in the consolidated cases were summarized as follows:

> On October 3, 2008, [plaintiff] filed a new charge against Respondent Union alleging that it refused to file or process his grievance. On October 27, 2008, [plaintiff] filed a charge against Respondent Employer asserting that "newly discovered" evidence supports that the employer made false representations in a previous MERC case involving the same job loss. However, neither charge contained any factual support for [plaintiff's] allegations.

(*Id.* at PageID.174). MERC agreed with the ALJ that plaintiff's charges were time barred. It noted that under PERA, "no complaint shall issue based upon any alleged unfair labor practice occurring more than six months prior to the filing of the charge" and that the limitations period was jurisdictional and could not be waived. (*Id.* at PageID.174-75). Plaintiff had filed these charges five years after his separation from employment. MERC found no basis to reopen the record. It "renew[ed its] previous admonition that [it] would dismiss any future charges filed by [plaintiff] against these Respondents . . . predicated on matters arising from their employment relationship that ended in 2003." (*Id.* at PageID.175). The Decision and Order dismissed plaintiff's unfair labor practice charges "in their entirety." (*Id.*).

MERC denied plaintiff's motion for reconsideration and other motions seeking relief from its decision. (ECF No. 13-2, PageID.183-88). Plaintiff continued to file papers. On February 23, 2011, MERC entered an order in Case Nos. CU08 J-054 and C08 J-224 which provided, in pertinent part, as follows:

-7-

> We further advise [Mr. Moralez] that no additional remedies exist within the PERA of any other statute within our jurisdiction on his claims against Respondents.  As such, <u>any future filings by [Mr. Moralez] relating to his employment with Michigan State University that was terminated in 2003 and his representation by MSU Administrative-Professional Association will be administratively dismissed</u>.

(ECF No. 13-3, PageID.189 (emphasis in MERC order)).  MERC administratively dismissed all the papers that plaintiff attempted to file after the entry of the February 23, 2011, order.  (ECF No. 13-3, PageID.189-98).  There are no pending motions in the consolidated cases.

This Court does not possess appellate oversight powers over Michigan's courts or MERC.  *See In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  The recourse available to plaintiff in response to an adverse decision was to pursue an appeal through Michigan's courts, and if necessary, an application to the United States Supreme Court for a writ of certiorari.  To the extent that plaintiff is claiming damages stemming from the state court's decision, such claims are barred.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Plaintiff seeks to avoid dismissal of his claims by arguing that they fall within the exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings.  (Plf. Brief at 2, ECF No. 18, PageID.264).  The Sixth Circuit has recognized a narrow exception to the general rule.  *See In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) ("A federal court 'may entertain a collateral attack on a state court judgment which is alleged to have been procured

through fraud, deception, accident, or mistake....' " (quoting *Resolute Ins. Co. v. State of North Carolina*, 397 F.2d 586, 589 (4th Cir. 1968)).

Plaintiff argues that MSU's attorney committed fraud by "concealing various 'claims' and causes of action from the Plaintiff." (Plf. Brief at 2, ECF No. 18, PageID.264). Plaintiff's reliance on a portion of a September 10, 2009, opinion of the Michigan Court of Appeals is misplaced. The Michigan Court of Appeals was reviewing a decision of the Court of Claims and found that because plaintiff did not receive an original email from MSU stating all the reasons he was not recommended for a position, MSU concealed a possible claim or cause of action from plaintiff. The Court of Claims erred in granting MSU summary disposition based on the statute of limitations. The Michigan Court of Appeals remanded the matter to the Court of Claims to determine whether MSU was entitled to summary disposition on other grounds. (ECF No. 18-1, PageID.291-92). (*Id.* at PageID.292).

Defendant is correct that the case plaintiff relies on did not involve MERC. (Reply Brief at 3, ECF No. 22, PageID.320). There was no finding of fraudulent concealment involving MERC. The Michigan Court of Appeals did not find that any decision of MERC or the Court of Appeals had been procured by fraud. Quite simply, no decision by MERC or the Michigan Court of Appeals was at issue. Accordingly, I find that plaintiff's claims fall within the general rule rather than the exception and that they are barred. *See Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013).

-9-

### C. Defendant's Rule 12(b)(6) Motion to Dismiss

In the alternative, and for the following reasons, I recommend that the Court grant defendant's motion to dismiss under Rule 12(b) for failure to state a claim.

#### 1. Eleventh Amendment Immunity

Defendant seeks dismissal of plaintiff's claims because they are barred by Eleventh Amendment immunity. (Def. Brief at 8-9, ECF No. 13-1, PageID.170-71). Rule 12(b)(6) is an appropriate vehicle for seeking dismissal of claims barred by Eleventh Amendment immunity. *See Harnden v. Mich. Dep't of Human & Health Services*, No. 17-2022, 2018 WL 1956011, at *1 (6th Cir. Mar. 5, 2018); *Studstill El v. Mich. Dep't of State*, 691 F. App'x 820, 822 (6th Cir. 2017).

MERC "is [a]state agency[.] *SEIU Health Care Mich. v. Snyder*, 875 F.Supp.2d 710, 715 (E.D. Mich. 2012). The Eleventh Amendment protects the State, its departments and agencies from suit in federal court for damages. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Absent clear abrogation of a state's immunity pursuant to a valid exercise of power, a state and its officials may not be sued without its consent, except that plaintiff may sue a state official for prospective injunctive relief[6] to end a continuing violation of federal law. *See Green v. Mansour*, 474 U.S. 64, 68 (1985). Plaintiff is seeking retroactive rather than prospective injunctive relief.

---

[6] *See Ex parte Young*, 209 U.S. 123 (1908); *Babcock v. Michigan*, 812 F.3d 531, 541 (2016).

Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004). I recommend that all plaintiff's claims other than his Title VI claim[7] be dismissed because the claims are barred by Eleventh Amendment immunity.

2. Administrative Procedures Act

Plaintiff's complaint fails to state a claim upon which relief can be granted under the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 "The APA 'sets forth the procedures by which federal agencies are accountable to the public and their actions subject to review by the courts.' " *Muniz–Muniz v. U.S. Border Patrol*, 741 F.3d 668, 672 (6th Cir. 2013) (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 796 (1992)). The APA only applies, however, to actions taken by federal agencies. *See* 5 U.S.C. § 701. "By its own terms, the APA does not apply to state agencies." *Southwest Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999). I recommend that the Court grant defendant's Rule 12(b)(6) motion on this claim.

3.   Section 1983

Plaintiff's complaint fails to state a claim against MERC under section 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,

---

[7] Congress "expressly abrogated States' sovereign immunity against suits brought in federal court to enforce Title VI[.]" *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

48 (1988). States and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). I recommend that the Court grant defendant's Rule 12(b)(6) motion on this claim.

Section 1983 is the statutory vehicle for bringing a claim based on an alleged violation of his Fourteenth Amendment procedural due process rights. *See Lomaz v. Hennosy*, 151 F.3d 493, 500 (6th Cir. 1998). Even assuming that plaintiff had named a person as the defendant, no court has ever recognized a liberty or property right[8] under similar circumstances, particularly where the plaintiff concedes in his complaint that the motions at issue are "entirely moot." (Compl. at 2, ECF No. 1, PageID.2).

4. Title VI

Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin in any program or activity receiving federal financial assistance:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

---

[8] The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *See Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Without a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007).

42 U.S.C. § 2000d. Plaintiff is claiming that he was discriminated against because he is "Hispanic/Latino."[9] (ECF No. 1-1, PageID.18, 21). He alleges that MERC receives federal funds. (*Id.* at PageID.20)

Title VI confers a private right of action only for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. at 280. The Sixth Circuit has made it clear that allegations of legal conclusions do not suffice:

> [Plaintiff's] Title VI race-discrimination claims consist of nothing more than legal conclusions such as "Plaintiffs have been denied participation based upon race, color, national origin, and gender." These conclusory allegations of race discrimination are insufficient. "[A] complaint that includes conclusory allegations of discriminatory intent without additional supporting details does not sufficiently show that the pleader is entitled to relief."

*Foster v. Michigan*, 573 F. App'x 377, 388 (6th Cir. 2014) (quoting *Nali v. Ekman*, 355 F. App'x 909, 913 (6th Cir. 2009)). Plaintiff's complaint fails to plead any plausible claim of intentional discrimination.[10]

Even assuming that plaintiff had stated claims under Title VI or section 1983, those claims would be barred by the applicable statute of limitations.[11] "In Michigan,

---

[9] Under Rule 10(c) of the Federal Rules of Civil Procedure, a copy of a written instrument that is an exhibit to a pleading "is a part of the pleading for all purposes." FED. R. CIV. P. 10(c).

[10] During the hearing on the pending motions, I indicated that I was inclined to recommend that plaintiff's Title VI claim survive the motion to dismiss. After further review, and for the reasons stated herein, I find no basis for making such a recommendation.

[11] The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 5). "Section 1915(e)(2)(B) requires a district court to *sua sponte* dismiss *an in forma pauperis* complaint that is frivolous or fails to state a claim" or seeks monetary relief against a defendant who is immune from such relief. *Clemons*

-13-

the statute of limitations for claims arising under Title VI and 42 U.S.C. § 1983 is three years." *Caulker v. Michigan State Univ.*, No. 1:09-cv-125, 2009 WL 3644778, at *8 (W.D. Mich. Nov. 2, 2009) (citing *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (three year limitations period for section1983 claims in Michigan) and *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 729 (6th Cir. 1996) (state personal injury limitations period applies in Title VI cases)); *see also Erve v. Henry Ford Cmty. Coll.*, No. 13-12608, 2014 WL 4705309, at *5 (E.D. Mich. Sept 22, 2014) ("Michigan's three-year statue of limitations for personal injury actions govern claims brought under Title VI."). Here, the alleged discriminatory acts took place in 2011 or 2012. (ECF No. 1-2, PageID.58). Plaintiff filed this lawsuit on October 4, 2017. (ECF No. 1). Accordingly, I find that plaintiff's claims under Title VI and section 1983 are barred by the statute of limitations.

## II. Plaintiff's Motion for Summary Judgment

I recommend that the Court deny plaintiff's motion for summary judgment. For the reasons previously stated, I find that defendant is entitled to dismissal of all

---

*v. Ohio Bureau of Workers' Compensation*, No. 17-4092, 2018 WL 1845871, at *1 (6th Cir. Mar. 8, 2018); 28 U.S.C. § 1915(e)(2)(B). Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. *See Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017) ("*Sua sponte* dismissals of a complaint are appropriate when a statute-of-limitations defect is obvious from the face of the complaint."); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) ("Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.").

plaintiff's claims. Further, a moving party with the burden of proof must present such compelling evidence that "no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (citation and quotation omitted); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). Summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Plaintiff has failed to present evidence sufficient to satisfy this demanding standard on any claim. Moreover, as explained above, defendant is entitled to dismissal of all plaintiff's claims.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that the Court grant defendant's Rule 12(b)(1) motion (ECF No. 13). In the alternative, I recommend that defendant's Rule 12(b)(6) motion (ECF No. 13) be granted. Accepting either recommendation, the Court should dismiss plaintiff's claims. I further recommend that plaintiff's motion for summary judgment (ECF No. 16) be denied.

Dated:   September 10, 2018    /s/  Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).