UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| John Moralez,<br>   Plaintiff,<br><br>-v-<br><br>Michigan Employment<br>Relations Commission,<br>   Defendant. | No. 1:17-cv-886<br><br>HONORABLE PAUL L. MALONEY |

### ORDER ADOPTING R & R

  This matter is before the Court on *pro se* Plaintiff John Moralez's objections to the Report and Recommendation (R & R), which recommended granting Defendant Michigan Employment Relations Commission's motion to dismiss for lack of subject matter jurisdiction and/or for failure to state a claim. Correspondingly, the R & R recommends denying Plaintiff's motion for summary judgment.

  After being served with an R & R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R & R to which objections have been filed. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL

4712064, at *2 (6th Cir. June 16, 2017). However, given Plaintiff's pro se status, the Court must construe his objections liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff has now filed voluminous objections to the R & R, albeit in a somewhat disorganized fashion, without using numbered paragraphs. (ECF No. 88.) The Court will begin with his objections as to subject matter jurisdiction. Plaintiff argues that the magistrate judge erred by concluding that the *Rooker-Feldman* doctrine bars his claim and that sovereign immunity provides a further jurisdictional obstacle.

The crux of Plaintiff's claims is that Defendant has wrongfully refused to resolve several administrative motions since 2009—although the motions stem from his termination by Michigan State University in 2003, and the alleged failure of his then-union to act against his termination. From these core facts, Plaintiff maintains claims that Defendant violated the Administrative Procedures Act, 42 U.S.C. § 1983, the Fourteenth Amendment's Due Process Clause, and Title VI. He seeks an injunction and "status quo ante remedial relief going back to July 2, 2003[.]" (ECF No. 1 at PageID.10.) The three allegedly unresolved administrative motions need to be put in context to determine whether, as the magistrate judge concluded, the *Rooker-Feldman* doctrine deprives the Court of jurisdiction.

The *Rooker–Feldman* doctrine is based on two United States Supreme Court decisions interpreting 28 U.S.C. § 1257(a). *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923). The statute is designed to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking a review of a state-court decision. To accomplish this,

the statute states that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." "The *Rooker–Feldman* doctrine . . . is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts.

But there is a distinction between attacks on a state court judgment and independent federal claims that may arise in the course of state-court litigation. *See, e.g., Pittman v. Cuyahoga Cnty. Dep't of Children and Fam. Sevs.,* 241 Fed.Appx. 285 (6th Cir. 2007); *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir. 2006); *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432, 436–37 (6th Cir. 2006) (holding *Rooker–Feldman* not triggered because the plaintiff did not allege that he was injured by the state-court judgment, but instead filed an independent federal claim that he was injured by the defendant's filing of a false affidavit in the state-court proceeding).Thus, as the magistrate judge properly noted, "[t]o the extent that plaintiff is claiming damages stemming from the state court's decision, such claims are barred." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).

It is clear from the record that Plaintiff's claims are barred by *Rooker-Feldman*, because he is litigating an adverse decision of MERC and of the Michigan Court of Appeals. Specifically, it appears to the Court that the impetus for this suit is MERC's order on February 23, 2011, which provided in pertinent part that:

> We further advise [Mr. Moralez] that no additional remedies exist within the PERA of any other statute within our jurisdiction on his claims against Respondents. As such, <u>any future filings by [Mr. Moralez] relating to his employment with Michigan State University that was terminated in 2003 and his</u>

3

<u>representation by MSU Administrative-Professional Association will be administratively dismissed.</u>

(*See* ECF No. 82 at PageID.1112–14 (quoting ECF No. 13-3 at PageID.189).) After receiving this order, Moralez continued to file pleadings in his administrative case, and as forecasted, MERC administratively dismissed them. If Plaintiff wished to challenge MERC's order, his recourse was to pursue review in the state courts, and ultimately to the United States Supreme Court. To the extent that Moralez broadly claims that he has been victim to some unidentified fraud by Defendant, which would place his claims outside the scope of *Exxon Mobile*, the Court concurs in the magistrate judge's assessment of the claims. (ECF No. 82 at PageID.1116–17.) Thus, the Court will grant Defendant's motion to dismiss for lack of jurisdiction.

*Rooker-Feldman* is not the only doctrine acting to deprive the Court of jurisdiction over this matter. Sovereign immunity is also in play, because MERC "is [a] state agency[,]" *SEIU Health Care Mich. v. Snyder*, 875 F. Supp. 2d 710, 715 (E.D. Mich. 2012), and the Eleventh Amendment deprives the federal courts of jurisdiction over claims for money damages against States and their agencies. U.S. Const. Amend. XI; s*ee Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). However, in some circumstances, Congress can abrogate sovereign immunity by legislation, *See Dellmuth v. Muth*, 491 U.S. 223 (1989), and the State itself can, of course, waive its sovereign immunity by consenting to suit. *See Nair v. Oakland Cty. Cmty. Mental Health Auth.*, 443 F.3d 469 (6th Cir. 2006).

After de novo review, the Court concurs with the magistrate judge's assessment that all claims other than Plaintiff's Title VI claim are barred by sovereign immunity. Plaintiff fails to

4

squarely address the magistrate judge's conclusion, instead baldly asserting that "THE DEFENDANT MERC'S AND THE COURT'S SOVEREIGN IMMUNITY AFFIRMATIVE DEFENSE CLAIMS HAVE EXACTLY ZERO LEGAL CREDIBILITY." (ECF No. 88 at PageID.1163.) Even construing Plaintiff's objections liberally, he has not given the Court any argument from which it could discern that sovereign immunity has been abrogated or waived as to the bulk of his claims.

And even for the claims not barred by sovereign immunity, there are additional barriers to further litigation: Plaintiff's Title VI and Section 1983 claims are obviously barred by the three-year statute of limitations. Plaintiff alleges discriminatory acts occurring in 2011 or 2012. Plaintiff filed suit at least five years later on October 4, 2017. While ordinarily the statute of limitations cannot result in dismissal of claims at the pleading stage, Plaintiff is proceeding *in forma pauperis.* (ECF No. 5.) In such cases, the Court is empowered—and required—by Section 1915(e)(2)(B) to dismiss claims that are frivolous or fail to state a claim. *See, e.g., Widner v. Bracke,* 229 F.3d 1155, 2000 WL 1140693 (6th Cir. Aug. 7, 2000) (unpublished table op.); *Gomez v. Doe,* 213 F. App'x 877, 878 (11th Cir. 2007) ("The running of the statute of limitations is sufficient grounds for dismissing a claim under § 1915(e)(2)(B) . . . ."). Thus, Plaintiff's argument that Defendants did not raise the statute of limitations in their motion to dismiss is unavailing.

The Court further finds that Plaintiff's Administrative Procedures Act claim is not cognizable because he has not sued a federal agency. *Southwest Williamson Cty. Cmty. Ass'n Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.")

In sum, having conducted a de novo review of the objected-to portions of the Report and Recommendation, the Court concludes that the magistrate judge properly recommended that Defendant's motion to dismiss must be granted for lack of jurisdiction. In light of that conclusion, further discussion of Plaintiff's motion for summary judgment is unnecessary.

Accordingly, the Court **ADOPTS** the Report and Recommendation (ECF No. 82) as the Opinion of the Court, **GRANTS** Defendant's motion to dismiss (ECF No. 13), and **DENIES** Plaintiff's motion for summary judgment (ECF No. 16). The Court further **DENIES** Plaintiff's Third Motion for Summary Judgment as moot. (ECF No. 83.)

Judgment to enter separately.

**IT IS SO ORDERED.**

**Date:** September 28, 2018 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge